**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ISABEL JONES, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3649 |
| | § | |
| JIM HAMILTON, *et al.*, | § | |
|    Defendants. | § | |

**MEMORANDUM ORDER ON DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

On January 20, 2005, the parties consented to proceed before a United States Magistrate Judge, under 28 U.S.C. § 636(c), for all further proceedings, including trial and entry of final judgment. (Docket Entry # 25). Defendants, members of the Board of Directors of the Montgomery County Hospital District ("MCHD")("Defendants"), have filed a motion for summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, arguing that the claims against them are moot.[1] (Defendants' Motion for Summary Judgment and Request for Oral Argument ["Motion"], Docket Entry # 31). Plaintiff is opposed to the motion, and has filed a response stating her reasons. (Plaintiff's Response to Defendant's Motion for Summary Judgment ["Response"], Docket Entry # 34). Defendants were then allowed to reply to that response and both parties have advised the court of relevant events subsequent to the original briefing. (*See* Plaintiff's Memo Regarding Current Circumstances, Docket Entry # 36). After considering the pleadings and the applicable law, Defendants' motion is **GRANTED.**

**Background**

---

[1] Jim Hamilton is not named in Jones' First Amended Complaint, as he is no longer a member of the Board of Directors of the Montgomery County Hospital District. (*See* Plaintiff's Motion for Leave to Enter Plaintiff's Amended Complaint at 1, Docket Entry # 28).

1

In this declaratory judgment action, Plaintiff Isabel Jones ("Plaintiff," "Jones") challenges a hospital district policy which denies free medical care to permanent resident aliens of the United States who have lived in this country for less than five years. (Response at 1). Jones, a citizen of the United Mexican States, has been a legal resident of this country only since November 2002. She alleges that this policy interferes with her right to equal protection under the law as guaranteed in the fourteenth amendment to the United States Constitution. (Response, Exhibit ["Ex."] 2: Affidavit of Isabel Jones at ¶¶ 1, 3).

The record is undisputed that, in April 2001, Jones was admitted to Montgomery County's "indigent health care assistance program" ("HCAP"), making her eligible for treatment, at county cost, in its hospitals and clinics.[2] (Plaintiff's First Amended Complaint, [Complaint], ¶ 7, Docket Entry # 29; Motion at 5). Jones continued to receive those HCAP benefits until November 2003. (Complaint at ¶¶ 7,8). One month before her benefits were to expire, Jones renewed her application to participate in the program, but it was denied. (*Id*. at ¶ 9). In the interim between her first application in 2001, and her renewed application in 2003, MCHD implemented a "working policy," which deemed some permanent resident aliens of the United States ineligible for the benefits. (*Id.*). The new policy, which Defendants purportedly adopted in accordance with "The Personal Responsibility and Work Opportunities Reconciliation Act of 1996," conditioned eligibility for HCAP benefits on a minimum five year residency in this country. (*Id.*). Because Jones had only been a legal resident since November 2002, her application was denied. MCHD acknowledges that it denied Jones's application even though this new residency requirement had not yet been included in the hospital district's published regulations. (Complaint at ¶ 23).

---

[2] This indigent health care program is administered by the Montgomery County Hospital District. (Motion at 5).

Despite notice that she was no longer eligible to participate in the program, Plaintiff sought treatment for a back injury at a local hospital in late 2003. One month later, Jones was notified that MCHD would not pay for that treatment. (*Id*. at ¶ 12). In January 2004, faced with mounting hospital bills, Jones appealed the County's decision to deny her benefits. (*Id*. at ¶ 14). Nine months later, when no appeal had been granted, Plaintiff abandoned her attempt to pursue the benefits administratively. (*Id*. at ¶¶ 14, 17). She then filed this lawsuit, asking the court to declare the residency requirement unconstitutional; to order the hospital district to reinstate her benefits; and to reimburse her for the November 2003 treatment. (*See* Plaintiff's Initial Complaint, Docket Entry # 9).

Undoubtedly prompted by this lawsuit, on December 20, 2004, MCHD authorized an "appeal hearing" to consider Jones' claims. (Complaint at ¶ 17). A couple of months later, the Board of Directors formally adopted the five year residency requirement. (Motion at 5). On January 7, 2005, however, the hospital district reinstated Jones' HCAP benefits, "because their policy was not supported at the time [of the initial denial] by any written policy or formal decision of the MCHD Board of Directors." (Complaint at ¶ 18). So, from October 1, 2003, through April 15, 2005, Jones' HCAP benefits were reinstated, and she was reimbursed for the November 2003 medical bills.

When Jones' most recent HCAP benefits ended, on April 1, 2005, she did not apply to continue participation in the program. (Motion at 6). Defendants filed this motion ten days later, arguing that her lawsuit no longer presents a justiciable controversy, because "[e]ach of her complaints . . . ha[d] been rendered moot by her successful administrative appeal within the Montgomery County Hospital District ("MCHD") system." (Motion at 3). In response to that

contention, Jones applied to participate in the program for a third time. This request was eventually denied, but not because of the disputed residency requirement. Instead, Plaintiff's 2005 application was rejected because she did not meet the income eligibility requirements to participate in HCAP. (*See generally* Memo Regarding Current Circumstances, Docket Entry # 36). Plaintiff concedes that her participation was barred for reasons unrelated to the residency requirement, but she opposes the Board's motion for summary judgment, nonetheless. (*See generally* Response). Jones argues that she has suffered an injury which is "capable of repetition," and so, her suit presents an issue ripe for court intervention. (*Id.* at 5). For the reasons that follow, the court disagrees, and ORDERS Defendants' motion for summary judgment GRANTED.

**Standard of Review**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003); *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the non-movant's case. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 210 (5th Cir. 2001); *Little*, 37 F.3d at 1075. When the moving party has met its Rule 56 burden, the non-movant

cannot survive a motion for summary judgment by resting merely on the allegations in it pleadings. *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995). If the movant does meet his burden, the non-movant must go beyond the pleadings and designate specific facts to show that there is a genuine issue for trial. *Izen v. Catalina*, 382 F.3d 566, 570 (5th Cir. 2004); *Kee*, 247 F.3d at 210; *Little*, 37 F.3d at 1075. Further, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Taita Chemical Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Webb v. Cardiothoracic Surgery Assocs.*, 139 F.3d 532, 536 (5th Cir. 1998).

To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there are issues of fact remaining for trial. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000); *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence presented to rebut the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999). But, in deciding a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 248. However, "Rule 56 mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Little*, 37 F.3d at 1075.

**Discussion**

In this lawsuit, Plaintiff challenges a MCHD policy which links the eligibility for indigent health benefits to the following qualification:

> [a] person must be a natural born citizen, a naturalized citizen, or a documented alien that has a green card and has had that status for at least five years as per citizenship guidelines . . . .

(Complaint at ¶ 21). Jones complains that this policy, authorized by the Board in December 2004, creates an unconstitutional impediment to her participation in the medical benefits program. (*See generally* Complaint). In making this claim, Plaintiff relies on 42 U.S.C. § 1983, which "provides a private right of action against parties acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to redress the deprivation of rights secured by the United States Constitution or federal law." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)). But it is well stated that §1983 does not create substantive rights, and instead, "merely provides a method for vindicating already conferred federal rights." *Bauer*, 341 F.3d at 357; *Albright v. Oliver*, 510 U.S. 266 (1994). So, to prevail on a §1983 claim, a plaintiff must show that "the offending conduct was committed by a person acting under color of state law" and that "the conduct deprived [her] of rights secured by the Constitution or federal law." *Bauer*, 341 F.3d at 357; *Paratt v. Taylor*, 451 U.S. 527 (1981). The parties concede that the Board's action in implementing the residency requirement was done under color of state law. Jones alleges that this policy violates her equal protection rights under the fourteenth amendment to the United States Constitution; that it is pre-empted by federal law; and that it impermissibly interferes with the federal government's regulation of immigration. (Response at 1). She asks the court to declare the policy unconstitutional, and to enjoin MCHD from denying benefits to her in the future. (*Id.*).

In this motion, Defendants do not address whether Jones has made a prima facie case on her equal protection claim. Instead, they argue that the lawsuit is moot, because her original complaint has been satisfied administratively. (Motion at 6). MCHD concedes that, at one time, Jones may have had standing to lodge claims based on its November 2003 decision to deny her HCAP benefits. Defendants argue, however, that any purported violation of her constitutional rights was mooted by the decision to reinstate those benefits through April 2005. (*Id.*). The hospital district underscores that Plaintiff's previously unpaid medical expenses, from November 2003, were the subject of her administrative appeal, on which she ultimately succeeded, and they have since been paid. Defendants also noted initially that, after Jones' benefits expired, she did not apply for the program again. Defendants insist that she has no injury to be redressed through this challenge, and that, because the controversy is moot, Jones' case must be dismissed.

As federal courts are ones of limited jurisdiction, it is fundamental to determine whether any of those limits is a bar to the claim made here. In that regard, it is well settled that "among the limitations is the requirement that there be a live case or controversy between the parties." *C&H Nationwide, Inc. v. Norwest Bank Texas NA*, 208 F.3d 490, 493 (5th Cir. 2000). Indeed, "[t]he 'case or controversy' requirement of Article III of the United States Constitution prohibits federal courts from considering questions 'that cannot affect the rights of litigants in the case before them.'" *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). That rule, which is embodied in the doctrine of mootness, "requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Id.* (citing *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990)). Put simply, "a matter is moot for Article III purposes if the issues presented are no longer live or the parties lack a legally cognizable interest

in the outcome." *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004). Unquestionably, declaratory judgment actions are subject to the same "case or controversy" requirement as all others. "[T]o demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that [s]he will suffer injury in the future." *Bauer*, 341 F.3d at 358; *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). That is, there must be a "continuing controversy" between the parties, which "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* at 358 (citing *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)).

Here, Plaintiff concedes that the initial rejection of her benefits application was redressed through her successful administrative appeal, and that all of her outstanding medical expenses have been paid. Likewise, she concedes that, regardless of the disputed residency requirement, she is now ineligible for HCAP benefits, because her current income is too high to participate in the indigent care program. (*See* Memo Regarding Current Circumstances). However, she urges the court to overlook those factors and to entertain her complaint on the original decision to deny her benefits, arguing that it is a justiciable claim, because that injury is subject to repetition. (*Id.*).

These arguments are without merit. It is well settled that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Bauer*, 341 F.3d at 358 (quoting *Lyons*, 103 S.Ct. at 1665). Similarly, "in deciding whether to grant declaratory relief, the court must necessarily assess the likelihood that future events will occur . . . ." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 840 (5th Cir. 2003). Even were the court to assume that Jones was once denied HCAP benefits in a way that violated her constitutional rights, that injury was redressed

8

when her medical expenses were paid, and her coverage was reinstated. For that reason, she is clearly under no "continuing, present adverse effects" emanating from that decision. *Bauer*, 341 F.3d at 358. "Under this doctrine, although a justiciable controversy may have existed at the time litigation was commenced, the action must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation." *Daily v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998); *Calderon v. Moore*, 518 U.S. 149, 150 (1996). A case may become moot, for example, if "the effect of the alleged violation is completely eradicated" by some "intervening factual event." *Daily*, 141 F.3d at 227. Here, although the hospital district did not move for summary judgment on this ground, Plaintiff admits that she is ineligible for HCAP benefits due to her income alone, regardless of any other impediment As for this Plaintiff anyway, there is little possibility that the residency requirement is likely to prove injurious to her future ability to participate in the program. A declaratory judgment in her favor is not appropriate, as the undisputed evidence before the court shows that there is little likelihood that she will be denied HCAP benefits as a result of her residency status. *Venator Group Specialty*, 322 F.3d at 840. Because Plaintiff's lawsuit no longer presents a live "case or controversy," Defendants' motion for summary judgment is **GRANTED**.

**Conclusion**

    Based on the foregoing, it is **ORDERED** that Defendants' motion for summary judgment is **GRANTED.**

    The Clerk of the Court shall enter this order and provide a true copy to all counsel of record.

    SIGNED at Houston, Texas, this 7th day of September, 2005.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**